## BICKLE v. JAMESON.

1. APPEAL AND ERROR—ASSIGNMENTS—BRIEF—SUFFICIENCY.

Where the brief of appellant contains no reference to the exceptions upon which the errors therein mentioned are founded, nor to the pages of the record where they may be found, and neither the index to the record nor the assignments of error afford such information, the record and briefs will be examined only so far as to satisfy the court that the verdict of the jury accords with the merits of the case.

2. SAME—PARTIES ENTITLED TO ALLEGE ERROR.

Assignments of error which concern only a defendant against whom no judgment was taken, and who therefore does not occupy the position of a plaintiff in error, will not be considered.

Error to Grand Traverse; Mayne, J.   Submitted October 5, 1906.   (Docket No. 9.)   Decided December 3, 1906.

Case by Mary E. Bickle against Ralph K. Jameson and others for fraud in the sale of certain land.   There was judgment for plaintiff, and defendants bring error.   Affirmed.

*J. J. Tweddle*, for appellants.

*Parm C. Gilbert*, for appellee.

OSTRANDER, J.   The brief for appellants does not comply with Rule 40 of this court.   The brief contains no reference to the exceptions upon which the errors therein mentioned are founded nor to the pages of the record where they may be found, nor does the index to the record or the assignments of error afford this information. See *Reeder* v. *Moore*, 95 Mich. 595; *Pease* v. *Munro*, 83 Mich. 475; Supreme Court Rule 36.   A portion of the bill of exceptions is not in the printed record, but is found printed in the brief for appellee pursuant to a stipulation of counsel.   Twenty-four errors are assigned, eight of them relating to matters with which the plaintiffs in error are in no way concerned, but which concern only the defendant Ellen G. Jameson, against whom no judgment was taken, and who therefore does not occupy the position of a plaintiff in error.   We have examined the record and briefs sufficiently to satisfy ourselves that the verdict of the jury accords with the merits of the case.

The judgment is affirmed.

CARPENTER, C. J., and MCALVAY, HOOKER, and MOORE, JJ., concurred.